# UNITED STATES BANRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Bankruptcy Case No. 03-15217 |
| CORPORATE MEDIA GROUP, INC. | § § § | Chapter 7 |
| | § | |
| RICHARD & SUSAN DURAND, Plaintiff, | § § § § | |
| v. | § § | Adversary Proceeding, No. 03 - 1174 |
| CORPORATE MEDIA GROUP, INC. and AMERICANA PUBLISHING, INC. Defendants. | § § § § § § | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT AND TO SET ASIDE DEFAULT JUDGMENT

Defendant Americana Publishing, Inc., by and through counsel of record, submit this Memorandum of Law in Support of Motion to Vacate Default and to Set Aside Default Judgment.

### STATEMENT OF FACTS

Plaintiffs Richard and Susan Durand filed this action on October 7, 2003 pursuant to 11 U.S.C. § 541(c)(1) and Bankruptcy Rule 7003, *et seq*. Plaintiffs sought a declaratory Judgment declaring that Corporate Media Group, Inc., ("Debtor") was an alter ego of Americana Publishing, Inc. (Americana). Additionally, Plaintiffs brought causes of action for damages against Debtor and Americana for depletion of corporate assets by Americana, fraudulent control of corporate assets of Debtor by Americana, fraud and breach of contract.

Movant herein was served with process through its registered agent on October 23, 2003. Americana failed to answer or otherwise file a responsive pleading within the time permitted by law. Subsequent to said service of process on or about December 4, 2004, counsel for Debtor and Americana sought by telephone conference to explore settlement options with Plaintiff's counsel. Plaintiff's moved for an entry of default and a judgment by default on January 5, 2004. . Upon receipt of notice of Plaintiff's action in moving for entry of default and a judgment by default, Defendant Americana prepared an Answer and a Motion for Mandatory Abstention or Alternatively for the Exercise of the Court's Discretion to Abstain. The Answer and Motion aforementioned were place in envelopes properly addressed with first class postage affixed and placed in the location of the offices of Americana Publishing, Inc., for US Mail pick-up on January 8, 2004. The administrative entry of default was made by the Bankruptcy Clerk on January 9, 2004

The Court issued Notice of Default Hearing for January 29, 2004, and considered on its own, jurisdictional appropriateness. On February 13, 2004, the Court issued "Proposed Findings of Fact and Conclusions of Law". On March 17th, 2004, Plaintiff filed their Motion for Extension of Time and Objections to Findings of Fact.

## LAW AND ARGUMENT

Bankruptcy Rule 7055. Default. provides that Rule 55, Federal Rules of Civil Procedure applies in adversary proceedings.

**Rule 55, Default.** , Federal Rules of Civil Procedure provides in relevant part at subparagraph (c) that:

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and , if a judgment by default has been entered , may likewise set it aside in accordance with rule 60(b).

Further, Rule 9024, Relief from Judgment of Order, provides in relevant part that "Rule 60, Federal Rules of Civil Procedure applies in cases under the Code ..... "

**Rule 60, Relief from Judgment or Order.,** provides in relevant part at subparagraph **"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment , order or proceeding was entered or taken ...." misrepresentation, or other misconduct of an adverse party;

### A. This Court has the power to set aside the entry of default.

Under the provisions of Bankruptcy Rule 7055 and Rule 55, Federal Rules of CiviProcedure, this court has the authority and power to set aside the default in the case at bar considered pursuant to the Court's hearing on January 9, 2004, and as recited in the Court's Proposed Findings of Fact and Conclusions of Law.. "The District Court enjoys considerable latitude

under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry." Real Property, 195 F3d at 820. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." United Coin Meter Co., 705 F2d at 844 *See also* Real Property, 195 F3d at 820 and O.J. Distributing, Inc. a/k./a Great State Beverage v.Hornell Brewing Company, Inc., a/k/a Arizona Beverages, 340 F3d at 345.

In the case at bar, it is clear that the default made was not willful (see affidavits of Forrest R. Carlton and Sarah Goodwin, attached as Exhibits "C" and "D", to the Motion to Vacate Default and to Set Aside Default Judgment.) As further evidence that said default was not willful, the Answer and Motion for Mandatory Abstention or Alternatively for The Exercise of the Courts' Discretion to Abstain are attached to the Motion in chief.

It is also clear that the set-aside of the default would not prejudice Plaintiff herein in that a final judgment has not been entered, with the Court itself having raised jurisdictional appropriateness, and that therefore, no loss would be incurred by Plaintiff as to Plaintiff's ability to pursue the judgment by setting aside the default and reinstating Americana's Answer, after the Court further considers the Defendant's pending Motion(s) for Abstention..

Americana's Answer shows a dispute of facts that, if true, would prove to be a good and valid defense to Plaintiffs' cause of action. Additionally, the Counterclaim included in Americana's Answer, if proven, is sufficient to cause Plaintiffs' allegations to fall since Plaintiffs' loss, if any, was proximately caused by Plaintiffs' own actions.

### B. This Court has the power and the authority to set aside the default judgment.

The criteria for the setting aside of the default judgment herein is similar but more rigorous under Rule 60(b) than the criteria to set aside a default under Rule 55(c). However, the 6th Circuit has set out in **United Coin Meter Co., Inc. v. Seaboard Coastline R.R.**, 705F2d 839(6th Cir. 1983) that "Rule 60(b) is to be applied "equitably and liberally" in considering motions to vacate defaults and default judgments. id. at 845 and that the same factors that control a motion to vacate an entry of default under Rule 55(c) are also applicable in determining whether to vacate a default judgment: (1) Whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default. *Id.*

Americana again asserts that its conduct in failing to answer Plaintiffs' Complaint in a timely manner was not culpable, but instead was the result of mistake, inadvertence or, in the alternative, excusable neglect. Americana made its effort to ensure the preparation and appropriate delivery of the Answer and Motion but through inadvertence or mistake or excusable neglect, the Answer and its accompanying documents were not delivered. It has often been reiterated that "the principle that "trials on the merits" are favored in federal courts and that "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846.-*

### CONCLUSION

Upon the foregoing reasons and authorities, Defendant respectfully submits that this Court should exercise its power and authority under the provisions of Rule 55 (c) and Rule 60 (b) and to issue its order vacating the default and setting aside the default judgment entered in this case.

Dated: 11 May 2004            *Forrest R Carlton* (signature)

Forrest R. Carlton
303 San Mateo NE, Suite 104A
Albuquerque, NM 87108
505 265-6121 X 109
(Fax) 505-265-0632

Attorney for Defendants and Movants
Corporate Media Group, Inc. and
Americana Publishing, Inc.