UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re<br>**CORPORATE MEDIA GROUP, INC.,**<br>Debtor, | Bankruptcy Case No. 03-15217 |
| ****************************************** | |
| | Adversary Proceeding No. 03-1174 |
| **RICHARD and SUSAN DURAND,**<br>Plaintiffs, | |
| | Civil Action No. 1:04-MC-04 |
| vs. | |
| **CORPORATE MEDIA GROUP, INC. and**<br>**AMERICANA PUBLISHING, INC.,**<br>Defendants. | Judge Edgar |

**PLAINTIFFS' RESPONSE TO MOTION TO SET ASIDE DEFAULT OR OTHERWISE VACATE DEFAULT JUDGMENT UNDER PROPOSED FINDINGS OF FACT PURSUANT TO RULES 55(c) AND 60(b)**

Plaintiffs, Richard and Susan Durand ("Plaintiffs"), by and through counsel, submit this Response to the Motion to Set Aside Default or Otherwise Vacate Default Judgment under Proposed Findings of Fact Pursuant to Rules 55(c) and 60(b), filed by Defendant, Americana Publishing Inc. ("Americana"). Plaintiffs are filing this Response in the United States District Court due to the Bankruptcy Court's transfer of the Adversary Proceeding on February 13, 2004. Americana filed its present Motion before the Bankruptcy Court, and Plaintiffs are filing a copy of this Response with the Bankruptcy Court.

## STATEMENT OF FACTS

Plaintiffs strenuously object to Americana's belated effort to set aside the default and avoid judgment in this matter. To fully understand Americana's total disregard for these proceedings, a time line of this case should be considered:

1. Plaintiffs filed this action on October 7, 2003. Plaintiffs filed its Complaint pursuant to 11 U.S.C. §541(c)(1) and Bankruptcy Rule 7003, *et seq*. Plaintiffs sought a declaratory judgment declaring that Corporate Media Group ("Debtor") was an alter ego (i.e., an instrumentality) of Americana Publishing, Inc. ("Americana"). Additionally, Plaintiffs brought causes of action for, *inter alia*, damages against Americana for depletion of corporate assets by alter ego, fraudulent control of corporate assets by alter ego, fraud and breach of contract.

2. A copy of the Summons and Complaint were sent via certified mail to Americana on October 7, 2003. Americana received the Summons and Complaint on October 23, 2003, which Americana's counsel acknowledges in its Memorandum of Law in Support of its Motion.

3. Americana failed to answer or otherwise file a responsive pleading within the time permitted by law.

4. On December 9, 2003, well after the time to respond had lapsed, Plaintiffs' counsel spoke with counsel for Americana, who requested an extension through the end of that week (December 12, 2003) in which to file an answer to the complaint. (See Motion for Entry of Default and Judgment by Default, ¶3).

5. No responsive pleading was filed by Americana on or before December 12, 2003, as had been agreed. In fact, no responsive pleading was ever filed. Therefore, after waiting for three (3) <u>additional</u> weeks, Plaintiffs moved for an entry of default and a judgment by default on

January 5, 2004, and a copy of said motion was served on Americana. Americana did not respond.

7. A default was entered by the Court on January 9, 2004, and a Notice of Hearing with respect to Plaintiffs' motion for entry of a judgment by default was issued and served that same date by the Court upon the parties, including Americana, setting the hearing for default judgment on January 29, 2004. Americana did not respond or advise that it had purportedly mailed responsive pleadings to the Court on January 8, 2004.

7. Plaintiffs have submitted and filed Affidavits, pursuant to Bankruptcy Rule 7055, setting forth the amounts due for sums certain, and for pre-judgment interest that has accrued on such sums through January 29, 2004. Americana has never contested or otherwise refuted these Affidavits.

8. Americana did not appear at the damages hearing on January 29, 2004, despite the notice of this hearing from the Court and despite Americana's assertion that it had mailed responsive pleadings on January 8, 2004. At the damages hearing, the Court raised the issue of whether it had subject matter jurisdiction over this proceeding and requested that Plaintiffs brief the issue in support of their Motion.

9. On February 5, 2004, Plaintiffs filed a Memorandum of Law in Support of Motion for Judgment by Default, and a copy was served on Americana. No response to this Memorandum was filed by Americana.

10. On February 12, 2004, the hearing for default judgment was conducted. Again, Americana did not appear at the February 5, 2004 hearing. At this hearing, the Bankruptcy Court determined that Plaintiffs' causes of action are not within its core jurisdiction, however most were within its jurisdiction as "related to a case under title 11," pursuant to 28 U.S.C. §157(a).

11. On February 13, 2004, the Bankruptcy Court submitted its Proposed Findings of Fact and Conclusions of Law to the District Court, with copies served on the parties, including Americana. Americana filed no objections or response.

12. On March 17, 2004, Plaintiffs submitted its Objections to the Proposed Findings of Fact and Conclusions of Law. Americana filed no response.

13. Three months after the Bankruptcy Court submitted its Proposed Findings of Fact and Conclusions of Law, Americana filed, on May 13, 2004, a Motion to Set Aside Default Judgment Otherwise Vacate Default Judgment Under Proposed Findings of Fact Pursuant to Rules 55(c) and 60(b) with the Bankruptcy Court. The sole excuse given - - Americana had mailed a responsive pleading on January 8, 2004. No explanation is given for why neither the Court or Plaintiffs' counsel received this responsive pleading. No explanation is given for why Americana did not timely respond to the Summons and Complaint or why Americana did not respond to the multitude of other notices and pleadings that were issued and served, advising Americana that the alleged responsive pleading had not been filed.

## LAW AND ARGUMENT

**A.     The Court should deny Americana's Motion to Set Aside Entry of Default.**

*F.R.Civ.P.* 55 is the controlling authority when analyzing defaults (Bankruptcy Rule 7055 in bankruptcy adversary proceedings) which provides in part:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided for in these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> * * * *
>
> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

4

In re: Froug, 100 B.R. 966, 967 (Bankr. S.D. Ohio 1989); see also In re: Hardy, 187 B.R. 604 (Bankr. E.D. Tenn. 1995).

The standard of "good cause" is to be applied when a party seeks relief only from the entry of default, and "the 'reasons' set forth in Rule 60(b) may supply the good cause." Accordingly, the Court must look to *F.R.Civ.P.* 60 (made applicable in bankruptcy matters through Bankruptcy Rule 9024). United Coin Meter Co. Inc. v. Seaboard Coastline Railroad, 705 F.2d 839, 843-844 (6th Cir. 1983).

> Rule 60. Relief from Judgment or Order
>
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[1]

In United Coin, the Sixth Circuit stated that the courts have considered three factors when faced with a motion to set aside entry of a judgment by default. Those factors are as follows:

1. Whether the plaintiff will be prejudiced,

2. Whether the defendant has a meritorious defense, and

3. Whether culpable conduct of the defendant led to the default.

The Court in Froug stated the following with respect to these three factors:

> Prejudice does not result form the mere delay in satisfying a plaintiff's claim. It must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.

---

[1] Americana relies solely on Rule 60(b)(1) in its Motion.

> Meritorious Defense. In order to establish the existence of a meritorious defense, this defendant needs only to make a presentation or proffer of evidence which, if believed, would permit either the court or the jury to find for the defaulting party. Likelihood of success is not the measure.
>
> Culpable Conduct. Whether culpable conduct of the defendant led to the default requires that the default was willful. Therefore, to be excused, the conduct of the defendant must not be culpable, that is, the conduct of the defendant must not display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. There must be a factual showing of mistake, inadvertence, surprise, or excusable neglect.

In re: Froug, 100 B.R. 966, 968 (Bankr. S.D. Ohio 1989)(internal citations omitted).

In the instant case, Americana attached an Answer and Counter-Claim and a Motion for Mandatory Abstention or Alternatively for the Exercise of the Court's Discretion to Abstain ("Motion for Mandatory Abstention") as exhibits to its present Motion. Americana alleges that these pleadings were mailed to both the Court and to Plaintiff's counsel on January 8, 2004. Americana relies on these documents in support of its contentions that Plaintiff's will not suffer any prejudice if the entry of default is set aside, that Americana has a meritorious defense to Plaintiff's claim and that the entry of default was not due to Americana's willful conduct.

The Answer and Counter-Claim and Motion for Mandatory Abstention have been only filed with the Court as exhibits to this Motion to Set Aside, and are not pleadings that have been filed with the Court to stand on their own. The Court's file does not reflect that the Answer and Counter-Claim and Motion for Mandatory Abstention have been duly filed. The Court should not treat these as appropriately filed pleadings and should not give any weight or credence to these documents, as discussed more fully below.

In In re: Hardy, 187 B.R. 604, 608-609 (Bankr. E.D. Tenn. 1995) the United States Bankruptcy Court for the Eastern District of Tennessee stated that "the Defendant is required to demonstrate that his 'default was the product of mistake, inadvertence, surprise, or excusable

6

neglect.' 'For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" However, where a party's "'behavior amounts to a deliberate disregard of the proceedings,'" the court is not obliged to grant relief from a default judgment under Rule 60(b)(1)." (internal citations omitted).

In Hardy, the United States Bankruptcy Court for the Eastern District of Tennessee denied the motion to set aside the default judgment. The Court determined that the complaint and summons were served on the debtor's attorney on July 6, 1995, and that the debtor was served on July 17, 1995. Id. at 606. On August 24, 1995, plaintiff filed a motion for default judgment due to the debtor's failure to respond to the complaint. Id. The motion for default judgment was granted on August 28, 1995. Id. The debtor filed an answer contemporaneously with a motion to set aside default judgment on September 7, 1995. Id. The Court found that the debtor could have responded to the Complaint prior to plaintiff's motion for default judgment. Id. at 610. Moreover, the Court determined that the debtor received notice of the motion for default judgment six days before the entry of the judgment by default and did nothing until September 7, 1995 (sixteen days after plaintiff served the motion of default judgment on debtor) to file its motion. Id. The Court found that "the debtor was apprised 'of the pendency of the action' and was afforded 'an opportunity to present [his] objections' to the Plaintiff's Motion for Default Judgment and to file his answer." Id. citing, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652, 657 94 L. Ed. 865 (1950).

In the case at bar, Americana's conduct constitutes a deliberate disregard of the judicial proceedings. The Complaint was filed on October 7, 2003. Americana actually received the Complaint with service on October 23, 2003. Since October 23, 2003, Americana has failed to

7

answer the Complaint or otherwise take any action until filing this present Motion. Almost <u>seven (7) months</u> have passed since Americana was served with the Complaint and Summons. Americana does not dispute that it has received (i) Plaintiff's Motion for Entry of Judgment by Default, (ii) Notice of Hearing with respect to Plaintiff's Motion for Entry of Judgment by Default, (iii) Plaintiff's Memorandum of Law in Support of Motion Judgment by Default, (iv) the Bankruptcy Court's Proposed Finding of Fact and Conclusions of Law, and (v) Plaintiff's Objections to the Proposed Findings of Fact and Conclusions of Law. Americana's counsel asserts that he prepared an Answer and Counter-Claim and a Motion for Mandatory Abstention and that those documents were mailed to the Court and Plaintiff's counsel on January 8, 2004. However, neither the Court nor Plaintiff's counsel, received either of these documents until each were attached as exhibits to the present Motion. Strangely omitted from Americana's present Motion is any excuse for Americana's failure to answer or respond to the Summons and Complaint within the original time allowed or within the December 12, 2003 extension that was obtained on December 9, 2003. Americana was already well in default when it purportedly "mailed" its responsive pleadings on January 8, 2004. Interestingly, Americana did not respond to Plaintiffs' Motion for Entry of Default, nor did Americana move to open the default to allow it to file a responsive pleading. Moreover, Americana provides no explanation whatsoever for the failure to respond to the various pleadings and notices in this matter and failure to appear at any noticed hearings. The Court should not allow Americana to simply ignore these proceedings. Based upon the record, Americana's actions are not the product of mistake, inadvertence, surprise or excusable neglect. Such inaction is the result of Americana's deliberate disregard for these judicial proceedings. Americana has failed to show the requisite "good cause" in order to have the entry of default set aside.

8

**B.      The Court should enter a judgment by default against Americana.**

Rule 5 of *F.R.Civ.P.* is applicable in adversary proceedings pursuant to Rule 7005 of the Bankruptcy Rules. Rule 5(d) Filing; Certificate of Service, provides in pertinent as follows: "All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed within a reasonable time after service." In the instant case, Americana's counsel contends that he mailed a Motion for Mandatory Abstention and an Answer and Counter-Claim on January 8, 2004, to Plaintiffs attorney and to the Court. Americana's counsel further asserts that he has not received any of the above-mentioned documents due to an incorrect address, postage, damage or otherwise. Upon review, the Motion for Mandatory Abstention is unsigned, undated and does not contain a certificate of service with Plaintiffs' counsel address. The Answer and Counter-Claim is also unsigned. A Certificate of Mailing is contained within the Answer and Counter-Claim that reflects that it was placed in the mail to Plaintiffs' counsel, however, no address for Plaintiffs' counsel is listed. Furthermore, the Certificate of Mailing contains a handwritten eight (8) for the "alleged" day that it was mailed to Plaintiffs' counsel in January.

Rule 9011(a) Signing of Papers provides as follows:

Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Plaintiffs' counsel has never received a copy of the Motion for Mandatory Abstention and Answer and Counter-Claim. Moreover, the Court's file does not show that these documents

have been filed. It is amazing that neither the Court nor Plaintiffs' counsel received the same documents.

If Americana's counsel mailed the Motion for Mandatory Abstention and Answer and Counter-Claim as alleged, then why did Americana delay to file this present Motion. Americana received copies of Plaintiff's Memorandum of Law in Support of Judgment by Default, the Bankruptcy Court's Proposed Findings of Fact and Conclusion of Law, and Plaintiff's Objections to the Proposed Findings of Fact and Conclusions of Law. Americana's counsel acknowledges, in the Statement of Facts to the Memorandum of Law, that the Bankruptcy Court issued Proposed Findings of Fact and Conclusions of Law on February 13, 2004, and that Plaintiff's filed their Objections to same on March 17, 2004. Americana did not respond, and has yet to respond, to Plaintiff's Objections pursuant to Bankruptcy Rule 9033.

Furthermore, if Americana mailed the Answer and Counter-Claim and Motion for Mandatory Abstention on January 8, 2004, then why did Americana not raise any issue with Plaintiff's moving forward with its Default Judgment. Americana admits in its Motion that it received of Plaintiff's Notice of Request for Entry of Default Judgment and subsequently received the Notice of Default. Americana's counsel did not contact Plaintiffs' counsel by telephone, letter or any other means, or, to Plaintiffs' knowledge, the Court, to inquire as to why these activities were being pursued to obtain a default judgment, if in fact, Americana had "served" an Answer and Counter-Claim and a Motion for Mandatory Abstention. Americana's conduct demonstrates a reckless disregard of the judicial process and exhibits the intent to thwart the judicial proceedings. See Shepard Claims Service v. William Darrah & Assoc., 796 F.2d 190 (6th Cir. 1986), In re: Froug, 100 B.R. 966 (Bankr. S.D. Ohio 1989).

10

## CONCLUSION

Upon the foregoing reasons and foregoing authorities, Plaintiffs respectfully request that this Court deny Americana's Motion to Set Aside Default and enter a Default Judgment against Americana.

Respectfully submitted this the 27th day of May, 2004.

MCKOON, WILLIAMS & GOLD

By: _____
James R. McKoon, BPR No. 009554
633 Chestnut Street
1300 Republic Centre
(423) 756-6400
(423) 756-8600 (fax)
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Response to Motion to Set Aside Default Otherwise Vacate Default Judgment Under Proposed Findings of Fact Pursuant to Rules 55(c) and 60(b) has been served upon the interested parties by depositing a copy of same in the U.S. mail with sufficient postage affixed thereto to carry same to its destination, addressed as follows:

Forrest Carleton, II
303 San Mateo NE, Suite 104A
Albuquerque, NM 87108

Americana Publishing, Inc.
c/o Corporation Service Company
1560 Broadway
Denver, CO 80202

William M. Foster, Trustee
Foster, Allen, Durrence & Ward, P.C.
555 River Street
Chattanooga, TN 37403

This 27th day of May, 2004.

McKOON, WILLIAMS & GOLD

By: _____
James R. McKoon

G:\Client Docs\Durand, Rick and Susan\Pleading\p-Response to Motion to Set Aside.doc